Per Curiam.
— This is an action of ejectment. The complaint avers that plaintiff has been, and is, the owner of a certain piece of land, describing it, and that the defendant is in possession, and withholds possession. The land is sixty feet wide, and it is not disputed that it is worth $8,000.
The answer denies all the allegations of the complaint; avers that plaintiff, etc., have not been seized for twenty years, and also avers that as to a strip ten feet wide the defendant and her grantors, etc., have been in possession for twenty years.
After the testimony had been given on the trial, and after the charge, the plaintiff handed to the court a description of the premises to which plaintiff then claimed his right and title, and the court submitted this to the jury. Testimony was given during the trial as to the occupation and possession of the entire piece described in the complaint.
The jury rendered a verdict for the defendant.
On a motion for an extra allowance the court held that subject-matter involved was the right to the piece described as aforesaid, being only a portion of the lands described in the complaint, and, as there was no proof of the value of this portion, denied the motion.
It does not appear for what reason the plaintiff, at the conclusion of the trial, apparently limited his claim to a part of the land described in the complaint. It may be that he had entirely failed to prove any title to the other part of the land; or that as to that other part the defendant had shown an adverse possession sufficient to defeat the plaintiff’s title. But, evidently, on the pleadings, the title to the whole land was- involved. And there is nothing to show that the title to the whole land was not litigated during the trial. Indeed, it appears affirmatively that testimony as to the occupation of the whole land was given; and the verdict, so far as appears, was general. And if the plaintiff had given sufficient proof, he might, in this action, recover the whole land described in the complaint.
We think, therefore, that so far as appears on the papers, the subject-matter involved was the whole land described in the complaint.
*631 If the court should be of the opinion that the piece of ten feet was all which the parties really intended to litigate, that circumstance would doubtless have an influence on the court in its discretionary power, notwithstanding the more extended scope of the pleadings.
The order must be reversed and the matter remitted to the special term to fix, in its discretion, the extra allowance. The defendant should have ten dollars costs of appeal and printing disbursements.